IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARTAVIUS BARNES, | ) |
| Plaintiff, | ) |
| v. | ) No.: |
| CITY OF SPRINGFIELD, ILLINOIS, a municipal corporation, OFFICER COLTON REDDING, OFFICER BRIAN RIEBLING, OFFICER ADAM WESTLAKE, OFFICER JUAN RESENDEZ, OFFICER NICHOLAS RENFRO, AND OFFICER REGAN MOLOHON, | ) *Plaintiff demands trial by jury* |
| Defendants. | ) |

## COMPLAINT AT LAW

Plaintiff, DARTAVIUS BARNES, through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, CITY OF SPRINGFIELD, ILLINOIS, a municipal corporation, OFFICER COLTON REDDING, OFFICER BRIAN RIEBLING, OFFICER ADAM WESTLAKE, OFFICER JUAN RESENDEZ, OFFICER NICHOLAS RENFRO, AND OFFICER REGAN MOLOHON, states as follows:

### INTRODUCTION

1.      Plaintiff brings this matter to redress the harms caused to Plaintiff by Defendants, City of Springfield, Illinois, a municipal corporation, Officer Colton Redding, Officer Brian Riebling, Officer Adam Westlake, Officer Juan Resendez, Officer Nicholas Renfro, and Officer Regan Molohon. Plaintiff brings this matter seeking damages for the various violations of the laws of the United States and State of Illinois arising from Defendants' acts and omissions resulting in harm to Plaintiff.

**JURISDICTION AND VENUE**

2. This case is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution (Counts I-III), and claims under Illinois state law (Count IV-VII).

3. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

4. On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

**PARTIES**

5. Plaintiff Dartavius Barnes ("Plaintiff") is a citizen of the United States and citizen of the State of Illinois.

6. Defendant City of Springfield, Illinois is a municipal corporation located at 800 East Monroe, Springfield, Illinois.

7. Defendant Officer Colton Redding Star No. 732 ("Redding") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Redding is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Redding is sued in his individual capacity.

8. Defendant Officer Brian Riebling Star No. 685 ("Riebling") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Riebling is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Riebling is sued in his individual capacity.

9. Defendant Officer Adam Westlake Star No. 726 ("Westlake") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Westlake

is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Westlake is sued in his individual capacity.

10. Defendant Officer Juan Resendez ("Resendez") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Resendez is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Resendez is sued in his individual capacity.

11. Defendant Officer Nicholas Renfro ("Renfro") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Renfro is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Renfro is sued in his individual capacity.

12. Defendant Officer Regan Molohon Star No. 737 ("Molohon") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Molohon is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Molohon is sued in his individual capacity.

## FACTS COMMON TO ALL COUNTS

13. At all relevant times herein, Defendant City of Springfield, Illinois owned, controlled, managed, and operated the Springfield Police Department, a department within the City of Springfield, Illinois.

14. Defendant City of Springfield, Illinois is responsible under respondeat superior for the conduct of its agents and employees acting within the scope of their employment and under color of law.

15. At all relevant times herein, Defendants Officer Colton Redding, Officer Brian Riebling, Officer Adam Westlake, Officer Juan Resendez, Officer Nicholas Renfro, and Officer

Regan Molohon, (collectively referred herein as "Defendants") were acting within the scope of their employment and under color of law.

16.     On April 6, 2020, Plaintiff was lawfully in his vehicle on a public road at or near the location of 16th and Laurel in Springfield, Illinois.

17.     On April 6, 2020, Plaintiff was stopped and detained by Defendants without a lawful basis.

18.     On April 6, 2020, Plaintiff acted lawfully before and during this stop and detention.

19.     On April 6, 2020, during this detention, Plaintiff was not free to leave and was placed in handcuffs.

20.     On April 6, 2020, Defendants searched Plaintiff's person without consent, a valid warrant, or probable cause.

21.     On April 6, 2020, Defendants also searched Plaintiff's vehicle without consent, a valid warrant, or probable cause.

22.     On April 6, 2020, as a result of this unlawful search, Defendants took possession of a sealed urn containing the ashes of Plaintiff's deceased 2-year-old daughter inside Plaintiff's vehicle.

23.     On April 6, 2020, Defendants unsealed this urn and opened this urn without consent and without a lawful basis including a search warrant.

24.     On April 6, 2020, as a result of this unlawful search, Defendants desecrated and spilled out the ashes of Plaintiff's 2-year-old daughter who died several months earlier.

25.     On April 6, 2020, and at all relevant times herein, Defendants acted knowingly, intentionally, willfully, and maliciously.

26. As a result of Defendants' conduct, Plaintiff suffered harm.

## COUNT I
## 42 U.S.C. § 1983 – FOURTH AMENDMENT (UNLAWFUL SEIZURE)
## REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

27. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 26 as paragraph 27 as if restated herein.

28. On April 6, 2020, Defendants seized Plaintiff.

29. On April 6, 2020, and at all relevant times herein, Defendants did not have a reasonable suspicion or probable cause that Plaintiff had committed, was committing, or was about to commit a crime.

30. On April 6, 2020, Defendants acted under color of law.

31. On April 6, 2020, Plaintiff possessed the right under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures of his person and property.

32. On April 6, 2020, Defendants violated Plaintiff's rights secured by the Fourth Amendment to the United States Constitution.

33. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm.

WHEREFORE, Plaintiff respectfully demands: (a) compensatory and punitive damages in an amount to be determined at trial; (b) an award of reasonable attorney's fees, costs, and litigation expenses; and (c) such other relief as the Court may deem just or equitable.

## COUNT II
## 42 U.S.C. § 1983 – FOURTH AMENDMENT (UNLAWFUL SEARCH)
## REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

34. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 33 as paragraph 34 as if restated herein.

35. On April 6, 2020, Defendants searched Plaintiff and his personal property.

36. On April 6, 2020, and at all relevant times herein, Defendants did not have a search warrant or valid exception to a search warrant at the time of their search of Plaintiff and his personal property.

37. On April 6, 2020, Defendants acted under color of law.

38. On April 6, 2020, Plaintiff possessed the right under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures of his person and property.

39. On April 6, 2020, Defendants violated Plaintiff's rights secured by the Fourth Amendment to the United States Constitution.

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm.

WHEREFORE, Plaintiff respectfully demands: (a) compensatory and punitive damages in an amount to be determined at trial; (b) an award of reasonable attorney's fees, costs, and litigation expenses; and (c) such other relief as the Court may deem just or equitable.

## COUNT III
## 42 U.S.C. § 1983 – FAILURE TO INTERVENE
## REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

41. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 40 as paragraph 41 as if restated herein.

42. On April 6, 2020, Defendants violated Plaintiff's Fourth Amendment rights when members of the Springfield Police Department searched Plaintiff and Plaintiff's personal property.

43. On April 6, 2020, Defendants knew that members of the Springfield Police Department were violating Plaintiff's Fourth Amendment rights.

44. On April 6, 2020, Defendants had a realistic opportunity to do something to prevent harm from occurring.

45. On April 6, 2020, Defendants failed to take reasonable steps to prevent harm from occurring.

46. On April 6, 2020, Defendants' failure to act caused Plaintiff to suffer harm.

47. On April 6, 2020, Defendants acted under color of law.

WHEREFORE, Plaintiff respectfully demands: (a) compensatory and punitive damages in an amount to be determined at trial; (b) an award of reasonable attorney's fees, costs, and litigation expenses; and (c) such other relief as the Court may deem just or equitable.

## COUNT IV
## FALSE IMPRISONMENT
## CITY OF SPRINGFIELD, REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

48. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 47 as paragraph 48 as if restated herein.

49. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, restrained Plaintiff.

50. On April 6, 2020, Defendants City of Springfield, Illinois, by and through Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon acted without having reasonable grounds or probable cause to believe that the plaintiff committed an offense.

51. As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff sustained harm.

WHEREFORE, Plaintiff respectfully demands: (a) compensatory and punitive damages in an amount to be determined at trial; (b) an aware of reasonable attorney's fees, costs, and litigation expenses; and (c) such other relief as the Court may deem just or equitable.

### COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CITY OF SPRINGFIELD, REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

52. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 51 as paragraph 52 as if restated herein.

53. On April 6, 2020, the conduct of Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, was truly extreme and outrageous.

54. On April 6, 2020, Defendants City of Springfield, Illinois, by and through Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon either intended that his conduct would cause severe emotional distress or knew that there was a high probability that this conduct would do so.

55. As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff sustained injuries of severe emotional distress.

WHEREFORE, Plaintiff respectfully demands: (a) compensatory damages in an amount to be determined at trial; (b) an aware of reasonable attorney's fees, costs, and litigation expenses; and (c) such other relief as the Court may deem just or equitable.

### COUNT VI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### CITY OF SPRINGFIELD, REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

56. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 55 as paragraph 56 as if restated herein.

57. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, detained Plaintiff and searched Plaintiff's personal property.

58. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, owed Plaintiff a duty of reasonable care to adhere to the laws of United States and Illinois during this stop and detention.

59. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, breached their duty where they unlawfully searched Plaintiff's property including Plaintiff's urn containing his 2-year-old deceased daughter's ashes.

60. As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff sustained injuries of severe emotional distress.

WHEREFORE, Plaintiff respectfully demands: (a) compensatory damages in an amount to be determined at trial; (b) an aware of reasonable attorney's fees, costs, and litigation expenses; and (c) such other relief as the Court may deem just or equitable.

### COUNT VII
### INDEMNIFICATION
### CITY OF SPRINGFIELD, ILLINOIS

61. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 60 as paragraph 61 as if restated herein.

9

62. Pursuant to 745 ILCS 10/2-301 and 745 ILCS 10/9-102, the City of Springfield is empowered and directed to pay any judgment for compensatory damages and any associated costs for which the City of Springfield, Illinois and/or its agents or employees, acting within the scope of his or her employment, are found liable.

63. The acts and/or omissions of Defendant, City of Springfield, Illinois, and/or its agents or employees, were committed within the scope of their employment.

64. If a judgment for compensatory damages and costs is entered against any Defendant, City of Springfield, Illinois must pay the judgment and the associated costs.

WHEREFORE, Plaintiff Dartavius Barnes demands judgment against Defendant, City of Springfield, for indemnification of any judgment for compensatory damages and any associated costs and any relief this Court deems proper and just.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

/s/ James C. Pullos
James C. Pullos

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3100
Chicago, IL 60602
(312)899-9090
jcp@cliffordlaw.com
*Attorney for Plaintiff*