## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **DARTAVIUS BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | No. 20-cv-3265 |
| **CITY OF SPRINGFIELD,** a municipal ) | |
| corporation, **COLTON REDDING,** ) | |
| **BRIAN RIEBLING, ADAM** ) | |
| **WESTLAKE, JUAN RESENDEZ,** ) | |
| **NICHOLAS RENFRO, and REGAN** ) | |
| **MOLOHON,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME Defendants, City of Springfield, Colton Redding, Brian Riebling, Adam Westlake, Juan Resendez, Nicholas Renfro, and Regan Molohon, by and through their attorneys, Steven C. Rahn and Emily A. Fancher, Assistant Corporation Counsels for the City of Springfield, and for their Answer to the Complaint and Affirmative Defenses, state as follows:

### INTRODUCTION

1.      Plaintiff brings this matter to redress the harms caused to Plaintiff by Defendants, City of Springfield, Illinois, a municipal corporation, Officer Colton Redding, Officer Brian Riebling, Officer Adam Westlake, Officer Juan Resendez, Officer Nicholas Renfro, and Officer Regan Molohon. Plaintiff brings this matter seeking damages for the various violations of the

laws of the United States and State of Illinois arising from Defendants' acts and omissions resulting in harm to Plaintiff.

**ANSWER:**   Defendants ADMIT the allegations in Paragraph 1 of the Complaint accurately reflect the allegations within this Complaint, but DENY the veracity of the allegations that Plaintiff's rights were violated.

## JURISDICTION AND VENUE

2.   This case is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff s rights as secured by the United States Constitution (Counts I-III), and claims under Illinois state law (Count IV-VII).

**ANSWER:**   Defendants ADMIT the jurisdictional allegations in Paragraph 2 of the Complaint, but DENY the allegations in Paragraph 2 to the extent any civil rights violations and/or personal torts occurred regarding the allegations against Defendants in this case.

3.   This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

**ANSWER:**   Defendants ADMIT jurisdiction and venue are proper as set forth in Paragraph 3 of the Complaint.

4.   On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

**ANSWER:**   Defendants ADMIT the allegations in Paragraph 4 of the Complaint.

## PARTIES

5.   Plaintiff Dartavius Barnes ("Plaintiff") is a citizen of the United States and citizen of the State of Illinois.

**ANSWER:**   Defendants ADMIT the allegations in Paragraph 5 of the Complaint.

6.      Defendant City of Springfield, Illinois is a municipal corporation located at 800 East Monroe, Springfield, Illinois.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 6 of the Complaint.

7.      Defendant Officer Colton Redding Star No. 732 ("Redding") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Redding is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Redding is sued in his individual capacity.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 7 of the Complaint.

8.      Defendant Officer Brian Riebling Star No. 685 ("Riebling") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Riebling is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Riebling is sued in his individual capacity.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 8 of the Complaint.

9.      Defendant Officer Adam Westlake Star No. 726 ("Westlake") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Westlake is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Westlake is sued in his individual capacity.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 9 of the Complaint.

10.     Defendant Officer Juan Resendez ("Resendez") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Resendez is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Resendez is sued in his individual capacity.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 10 of the Complaint.

11.     Defendant Officer Nicholas Renfro ("Renfro") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Renfro is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Renfro is sued in his individual capacity.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 11 of the Complaint.

12.     Defendant Officer Regan Molohon Star No. 737 ("Molohon") is a citizen of the United States and citizen of the State of Illinois. At all relevant times herein, Defendant Molohon

is/was a sworn peace office and an employee of the City of Springfield, Illinois acting under color of law. Defendant Molohon is sued in his individual capacity.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 12 of the Complaint.

## FACTS COMMON TO ALL COUNTS

13.    At all relevant times herein, Defendant City of Springfield, Illinois owned, controlled, managed, and operated the Springfield Police Department, a department within the City of Springfield, Illinois.

**ANSWER:**    Defendants ADMIT the allegations in Paragraph 13 of the Complaint.

14.    Defendant City of Springfield, Illinois is responsible under respondeat superior for the conduct of its agents and employees acting within the scope of their employment and under color of law.

**ANSWER:**    Defendants DENY the allegations of Paragraph 14 as they apply to Counts I, II and

III.  Defendants ADMIT the allegations of Paragraph 14 as they apply to Counts

IV, V, and VI.

15.    At all relevant times herein, Defendants Officer Colton Redding, Officer Brian Riebling, Officer Adam Westlake, Officer Juan Resendez, Officer Nicholas Renfro, and Officer Regan Molohon, (collectively referred herein as "Defendants") were acting within the scope of their employment and under color of law.

**ANSWER:**    Defendants ADMIT the allegations of Paragraph 15 of the Complaint.

16.    On April 6, 2020, Plaintiff was lawfully in his vehicle on a public road at or near the location of 16th and Laurel in Springfield, Illinois.

**ANSWER:**    Defendants DENY the allegations of Paragraph 16 of the Complaint.

17.    On April 6, 2020, Plaintiff was stopped and detained by Defendants without a lawful basis.

**ANSWER:**    Defendants DENY the allegations of Paragraph 17 of the Complaint.

18.     On April 6, 2020, Plaintiff acted lawfully before and during this stop and detention.

**ANSWER:**   Defendants DENY the allegations of Paragraph 18 of the Complaint.

19.     On April 6, 2020, during this detention, Plaintiff was not free to leave and was placed in handcuffs.

**ANSWER:**   Defendants ADMIT the allegations of Paragraph 19 of the Complaint.

20.     On April 6, 2020, Defendants searched Plaintiff's person without consent, a valid warrant, or probable cause.

**ANSWER:**   Defendants DENY the allegations of Paragraph 20 of the Complaint.

21.     On April 6, 2020, Defendants also searched Plaintiff's vehicle without consent, a valid warrant, or probable cause.

**ANSWER:**   Defendants DENY the allegations of Paragraph 21 of the Complaint.

22.     On April 6, 2020, as a result of this unlawful search, Defendants took possession of a sealed urn containing the ashes of Plaintiff's deceased 2-year-old daughter inside Plaintiff's vehicle.

**ANSWER:**   Defendants DENY the allegations of Paragraph 22 of the Complaint.

23.     On April 6, 2020, Defendants unsealed this urn and opened this urn without consent and without a lawful basis including a search warrant.

**ANSWER:**   Defendants DENY the allegations of Paragraph 23 of the Complaint.

24.     On April 6, 2020, as a result of this unlawful search, Defendants desecrated and spilled out the ashes of Plaintiff's 2-year-old daughter who died several months earlier.

**ANSWER:**   Defendants DENY the allegations of Paragraph 24 of the Complaint.

25.     On April 6, 2020, and at all relevant times herein, Defendants acted knowingly, intentionally, willfully, and maliciously.

**ANSWER:**   Defendants DENY the allegations of Paragraph 25 of the Complaint.

26. As a result of Defendants' conduct, Plaintiff suffered harm.

**ANSWER:** Defendants DENY the allegations of Paragraph 26 of the Complaint.

## COUNT I

### 42 U.S.C. § 1983 - FOURTH AMENDMENT (UNLAWFUL SEIZURE) REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

27. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 26 as paragraph 27 as if restated herein.

**ANSWER:** Defendants repeat and reallege their answers to Paragraphs 1 through 26 for their answers to Paragraph 27 of the Complaint.

28. On April 6, 2020, Defendants seized Plaintiff.

**ANSWER:** Defendants DENY the allegations of Paragraph 28 of the Complaint.

29. On April 6, 2020, and at all relevant times herein, Defendants did not have a reasonable suspicion or probable cause that Plaintiff had committed, was committing, or was about to commit a crime.

**ANSWER:** Defendants DENY the allegations of Paragraph 29 of the Complaint.

30. On April 6, 2020, Defendants acted under color of law.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 30 of the Complaint.

31. On April 6, 2020, Plaintiff possessed the right under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures of his person and property.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 31 of the Complaint.

32. On April 6, 2020, Defendants violated Plaintiff s rights secured by the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants DENY the allegations of Paragraph 32 of the Complaint.

33. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm.

**ANSWER:** Defendants DENY the allegations of Paragraph 33 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSE TO COUNT I

Defendants are entitled to qualified immunity as their conduct was justified by an objectively reasonable belief that it was lawful.

### COUNT II

### 42 U.S.C. § 1983 - FOURTH AMENDMENT (UNLAWFUL SEARCH) REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

34. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 33 as paragraph 34 as if restated herein.

**ANSWER:** Defendants repeat and reallege their answers to Paragraphs 1 through 33 for their answers to Paragraph 34 of the Complaint.

35. On April 6, 2020, Defendants searched Plaintiff and his personal property.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 35 of the Complaint.

36. On April 6, 2020, and at all relevant times herein, Defendants did not have a search warrant or valid exception to a search warrant at the time of their search of Plaintiff and his personal property.

**ANSWER:** Defendants DENY the allegations of Paragraph 36 of the Complaint.

37. On April 6, 2020, Defendants acted under color of law.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 37 of the Complaint.

38. On April 6, 2020, Plaintiff possessed the right under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures of his person and property.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 38 of the Complaint.

39. On April 6, 2020, Defendants violated Plaintiff's rights secured by the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants DENY the allegations of Paragraph 39 of the Complaint.

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm.

**ANSWER:** Defendants DENY the allegations of Paragraph 40 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSE TO COUNT II

Defendants are entitled to qualified immunity as their conduct was justified by an objectively reasonable belief that it was lawful.

### COUNT III

### 42 U.S.C. § 1983 - FAILURE TO INTERVENE
### REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

41. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 40 as paragraph 41 as if restated herein.

**ANSWER:** Defendants repeat and reallege their answers to Paragraphs 1 through 40 for their

answers to Paragraph 41 of the Complaint.

42. On April 6, 2020, Defendants violated Plaintiff's Fourth Amendment rights when members of the Springfield Police Department searched Plaintiff and Plaintiff's personal property.

**ANSWER:** Defendants DENY the allegations of Paragraph 42 of the Complaint.

43. On April 6, 2020, Defendants knew that members of the Springfield Police Department were violating Plaintiff's Fourth Amendment rights.

**ANSWER:** Defendants DENY the allegations of Paragraph 43 of the Complaint.

44. On April 6, 2020, Defendants had a realistic opportunity to do something to prevent harm from occurring.

**ANSWER:** Defendants DENY the allegations of Paragraph 44 of the Complaint.

45. On April 6, 2020, Defendants failed to take reasonable steps to prevent harm from occurring.

**ANSWER:** Defendants DENY the allegations of Paragraph 45 of the Complaint.

46. On April 6, 2020, Defendants' failure to act caused Plaintiff to suffer harm.

**ANSWER:** Defendants DENY the allegations of Paragraph 46 of the Complaint.

47. On April 6, 2020, Defendants acted under color of law.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 47 of the Complaint.

### DEFENDANT'S AFFIRMATIVE DEFENSE TO COUNT III

Defendants are entitled to qualified immunity as their conduct was justified by an objectively reasonable belief that it was lawful.

### COUNT IV

### FALSE IMPRISONMENT
### CITY OF SPRINGFIELD, REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

48. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 47 as paragraph 48 as if restated herein.

**ANSWER:** Defendants repeat and reallege their answers to Paragraphs 1 through 47 for their

answers to Paragraph 48 of the Complaint.

49. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, restrained Plaintiff.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 49 of the Complaint.

50. On April 6, 2020, Defendants City of Springfield, Illinois, by and through Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon acted without having reasonable grounds or probable cause to believe that the plaintiff committed an offense.

**ANSWER:** Defendants DENY the allegations of Paragraph 50 of the Complaint.

51. As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff sustained harm.

**ANSWER:** Defendants DENY the allegations of Paragraph 51 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES TO COUNT IV

1. Defendants are entitled to qualified immunity as their conduct was justified by an objectively reasonable belief that it was lawful.

2. Defendants are immune from liability under the Illinois Tort Immunity Act.

### COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CITY OF SPRINGFIELD, REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

52. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 51 as paragraph 52 as if restated herein.

**ANSWER:** Defendants repeat and reallege their answers to Paragraphs 1 through 51 for their answers to Paragraph 52 of the Complaint.

53. On April 6, 2020, the conduct of Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, was truly extreme and outrageous.

**ANSWER:** Defendants DENY the allegations of Paragraph 53 of the Complaint.

54. On April 6, 2020, Defendants City of Springfield, Illinois, by and through Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon either intended that his conduct would cause severe emotional distress or knew that there was a high probability that this conduct would do so.

**ANSWER:** Defendants DENY the allegations of Paragraph 54 of the Complaint.

55. As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff sustained injuries of severe emotional distress.

**ANSWER:** Defendants DENY the allegations of Paragraph 55 of the Complaint.

**DEFENDANTS' AFFIRMATIVE DEFENSES TO COUNT V**

1. Defendants are entitled to qualified immunity as their conduct was justified by an objectively reasonable belief that it was lawful.

2. Defendants are immune from liability under the Illinois Tort Immunity Act.

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### CITY OF SPRINGFIELD, REDDING, RIEBLING, WESTLAKE, RESENDEZ, RENFRO, AND MOLOHON

56. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 55 as paragraph 56 as if restated herein.

**ANSWER:** Defendants repeat and reallege their answers to Paragraphs 1 through 55 for their answers to Paragraph 56 of the Complaint.

57. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, detained Plaintiff and searched Plaintiff s personal property.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 57 of the Complaint.

58. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, owed Plaintiff a duty of reasonable care to adhere to the laws of United States and Illinois during this stop and detention.

**ANSWER:** Defendants ADMIT the allegations of Paragraph 58 of the Complaint.

59. On April 6, 2020, Defendant City of Springfield, Illinois, by and through its employees and/or agents Defendants Redding, Riebling, Westlake, Resendez, Renfro, and Molohon, breached their duty where they unlawfully searched Plaintiff s property including Plaintiff s urn containing his 2-year-old deceased daughter's ashes.

**ANSWER:** Defendants DENY the allegations of Paragraph 59 of the Complaint.

60. As a direct and proximate result of the aforesaid acts and/or omissions by Defendants, Plaintiff sustained injuries of severe emotional distress.

**ANSWER:** Defendants DENY the allegations of Paragraph 60 of the Complaint.

### DEFENDANTS' AFFIRMATIVE DEFENSES TO COUNT VI

1. Defendants are entitled to qualified immunity as their conduct was justified by an objectively reasonable belief that it was lawful.

2. Defendants are immune from liability under the Illinois Tort Immunity Act.

**WHEREFORE**, Defendants pray this Court dismiss the Complaint and grant Defendants their costs and any other relief the Court deems just.

### DEFENDANTS DEMAND TRIAL BY JURY ON ALL COUNTS.

**RESPECTFULLY SUBMITTED,**
**s/ Emily A. Fancher**
Bar Number 6326875
Attorney for the City of Springfield, Illinois
Assistant Corporation Counsel
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone: (217) 789-2393
Fax: (217) 789-2397
Email: emily.fancher@springfield.il.us

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| **DARTAVIUS BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | No. 20-cv-3265 |
| **CITY OF SPRINGFIELD,** a municipal ) | |
| corporation, **COLTON REDDING,** ) | |
| **BRIAN RIEBLING, ADAM** ) | |
| **WESTLAKE, JUAN RESENDEZ,** ) | |
| **NICHOLAS RENFRO, and REGAN** ) | |
| **MOLOHON,** ) | |
| ) | |
| **Defendants** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 7, 2020,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James C. Pullos
Clifford Law Offices, P.C.
120 N. LaSalle, Ste. 3100
Chicago IL 60602
jcp@cliffordlaw.com

**RESPECTFULLY SUBMITTED,**
**s/ Emily A. Fancher**
Bar Number 6326875
Attorney for the City of Springfield, Illinois
Assistant Corporation Counsel
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone: (217) 789-2393
Fax: (217) 789-2397
Email: emily.fancher@springfield.il.us