UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARTAVIUS BARNES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 20-cv-3265 |
| CITY OF SPRINGFIELD, a municipal corporation, COLTON REDDING, BRIAN RIEBLING, ADAM WESTLAKE, JUAN RESENDEZ, NICHOLAS RENFRO, and REGAN MOLOHON, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE**

**NOW COME** Defendants, City of Springfield, Colton Redding, Brian Riebling, Adam Westlake, Juan Resendez, Nicholas Renfro, and Regan Molohon, by and through their attorney, Steven C. Rahn, Sr. Assistant Corporation Counsel for the City of Springfield, who offer the following Reply to the Plaintiff's Response to Defendants' Motion for Summary Judgment.

**A.    REPLY TO ADDITIONAL MATERIAL FACTS**

1. Undisputed Material Facts

The following numbered paragraphs of Plaintiff's Additional Statement of Facts state facts which are undisputed and are material:

1, 2, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 19, 22, 23, 24, 25, 26, 27, 30, 33, 34, 35, 36, 37, 38, 39, 40, and 41.

2. Disputed Material Facts

The following Plaintiffs' Additional Statements of Facts are disputed yet material:

15. It appears from the video Officer Riebling asked permission to search Plaintiff's vehicle while Plaintiff was being handcuffed, not after he was handcuffed.

31. Defendants agree Officer Riebling did not seek a warrant to search the car or the urn; Plaintiff had consented to the search without conditions. Defendants also agree that Officer Riebling believed that the possession of an illegal volume of cannabis, along with distribution paraphernalia provided probable cause to search the vehicle and its contents. Defendants dispute the statement that cannabis was fully legalized in Illinois. Possession and transportation of cannabis in the amount found in Plaintiff's possession and not in packaging from a licensed dispensary are illegal (410 ILCS 705/10-10(a)(1)).

3. <u>Undisputed Immaterial Facts</u>

The following numbered paragraphs of Plaintiff Additional Statement of Facts state facts are undisputed but are immaterial:

3. The timing of Plaintiff's interment of his deceased daughter's remains is not material to any issue in this case.

16. Plaintiff's subjective, but unarticulated belief in a limitation to his consent is immaterial. Plaintiff did not convey his alleged limited consent to the officers.

28. Officer Riebling did not explain he was going to search closed containers, but this is immaterial because Plaintiff did not qualify his consent and because when the officers first sought consent, they were investigating shots fired and looking for a gun. The initial search uncovered contraband cannabis and distribution paraphernalia which provided probable cause to further search, including containers which might also contain contraband.

29. It is immaterial that Officer Riebling did not request specific permission to open the urn because the initial search uncovered contraband cannabis and distribution paraphernalia

which provided probable cause to further search, including containers which might also contain contraband.

32. It is immaterial that the officers did not perform a gunshot residue test because they had probable cause to stop the vehicle, reasonable suspicion to seek permission to search the vehicle for weapons, and subsequently discovered probable cause to search for drugs.

4. <u>Disputed Immaterial Facts</u>

The following numbered paragraphs of Plaintiff Additional Statement of Facts state facts are disputed and are immaterial:

5. Defendants cannot factually state Plaintiff was not the intended target of the shots fired because neither the shooter nor the target has been identified. Nevertheless, the target is not material to the officers' probable cause to stop the car for the moving violation.

17. Plaintiff gave an unqualified consent to search the car, which included its contents. This became immaterial when an illegal amount of cannabis was located with distribution paraphernalia which provided probable cause to search containers which might contain drugs.

20 & 21. Defendants dispute the sequence set forth in these paragraphs. The discovery of the bullet hole and the radio report from the shots fired scene did not precede the search of the interior of the car. The passenger compartment search of objects in plain view began immediately upon the traffic stop, and the search of the trunk interior was part of the bullet hole discovery. These facts are immaterial to the issue of probable cause for the stop or the search.

B.    ARGUMENT

    1.    <u>The Officers Had Probable Cause to Stop the Plaintiff and a Reasonable Suspicion to Conduct a Search for Weapons</u>

Plaintiff does not dispute that he was speeding and that he ignored a stop sign, which provided probable cause for the stop. The description of Plaintiff's car, and Plaintiff's name announced on the police radio provided a reasonable suspicion to believe he may have been involved in the shots fired incident. Again, Plaintiff does not dispute these points in his response.

Instead, Plaintiff argues that the *Terry* stop immediately became an arrest when handcuffs were applied. However, the caselaw Plaintiff cites does not actually say that handcuffs automatically signal an arrest. The cases cited by Plaintiff state that "If the use of such restraints [handcuffs] *is not reasonably necessary for safety* under the specific facts of the case" an arrest may be inferred. *People v. Arnold*, 394 Ill.App.3d 63, 71 (2009) (emphasis added).

Here, the officers were investigating a shooting and reasonably believed Plaintiff may have been involved in some way. At that time, the officers did not know whether Plaintiff was the actual shooter. They are not required to take his word for it. Under these facts, it is certainly reasonable to apply handcuffs to protect the officers' safety while they conducted the search for a weapon. As the court held in *People v. Johnson*, 387 Ill. App. 3d 780, 791, 901 N.E.2d 455, 464 (3rd Dist. 2009), the application of handcuffs in a *Terry* stop during the search for a weapon does not automatically turn the detention into an arrest:

> It would make no sense under the law to grant an officer the authority to properly detain an individual pursuant to an investigatory stop and yet deny the officer the use of force necessary to carry out that detention in a safe and effective manner.

*Johnson*, *id.* A search for weapons is inherently dangerous and the Supreme Court has found it to be a situation where the use of handcuffs during a detention is reasonable, *Muehler v. Mena*, 544 U.S. 93, 100 (2005).

    2.    <u>Plaintiff's Consent to Search Was Voluntary and Not Limited</u>

Plaintiff purports to argue that his consent to search was not voluntary. They offer no evidence of coercion. They offer no evidence that his consent was limited in any way. They offer no authority which suggests that the presence of handcuffs alone as reasonable measure of safety, renders an otherwise freely given consent involuntary.

In searching for a weapon, the officers almost immediately found a large quantity of suspected cannabis. Their suspicion was reinforced by Plaintiff's admission he had "weed" in the car. Once they found cannabis far in a quantity more than double the legal amount for personal possession, and not in a licensed dispensary container, they had probable cause to arrest the Plaintiff and to expand their search for drugs. The presence of a scale and baggies supported a potential charge of intent to distribute.

At this point, there existed probable cause to search containers which might contain drugs. When Officer Riebling discovered the unmarked vial, his decision to test the powdery contents for illegal drugs was certainly reasonable. He testified it was similar to small containers used to transport narcotics (Riebling Dep. 62:16). In fact, the field test produced a positive for methamphetamines or MDNA, both illegal drugs (Riebling Dep., 71:9 to 18).

Because the officers had probable cause for the stop, consent for the search, and developed probable cause to search for drugs, Plaintiff's case for an unconstitutional search and seizure must fail.

### 3. The Officers Are Entitled to Qualified Immunity

Even if the Court determines that the officers did not have legal probable cause, they were entitled to qualified immunity for arguable probable cause, *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). Plaintiff has cited no controlling authority which would inform an officer who found an illegal quantity of cannabis, in illegal packaging, with distribution paraphernalia, that searching possible containers for drugs would be unconstitutional.

### 4. As a Matter of Law, the Facts do Not Support a Cause of Action of Intentional Infliction of Emotional Distress

The officers' actions do not constitute behavior that is "so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community," *Stokes v. Board of Education*, 599 F.3d 617, 626, quoting *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003).

Plaintiff was undoubtedly severely distressed upon learning his daughter's remains had been opened and tested. However, there is no evidence or even suggestion that Officer Riebling was aware of the content of the vial prior to being so informed by the Plaintiff. By then, the testing had already been done.

The vial was not marked. There is no suggestion it resembled a traditional urn for human remains. Plaintiff does not offer any reason why Officer Riebling should have known the contents. As a matter of law, the officers lacked the requisite intent to cause Plaintiff's distress.

5. <u>Plaintiff's Claim for Negligent Infliction of Emotional Distress Fails for Lack of Impact</u>

In Defendants' motion, we pointed out that in Illinois, "a direct victim's claims for negligent infliction of emotional distress must include an allegation of contemporaneous physical injury or impact." *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 38, 77 N.E.3d 50.

Plaintiff purports to suggest that an impact is not necessary where the direct victim is suing. Plaintiff supports this position with another Illinois Supreme Court case from 25 years before the holding in *Schweihs*. Plaintiff misapplies *Corgan v. Muehling*, 143 Ill. 2d 296, 312 (1991). Indeed, the Supreme Court in *Schweihs* discussed *Corgan*, and held that, "*Corgan* is an example of the continued application of the impact rule in direct victim cases." *Schweihs, LLC*, 2016 IL 120041, ¶ 34.

**C.   CONCLUSION**

Plaintiff concedes that Defendants Officers Westlake, Resendez, Renfro, and Molohon should be dismissed.

Additionally, for the foregoing reasons, summary judgment should be awarded to Officers Redding and Riebling. Probable cause supported their actions.

**WHEREFORE**, Defendants pray this Court determine that there is no genuine issue of material fact and as a matter of law Defendants are entitled to summary judgment.

        **RESPECTFULLY SUBMITTED,**
        **s/ Steven C. Rahn**
        Attorneys for Defendants,
        Room 313 Municipal Center East
        800 East Monroe Street
        Springfield, Illinois 62701-1689
        Telephone:   (217) 789-2393
        Fax:              (217) 789-2397
        Email: steven.rahn@springfield.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on **February 3, 2023,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James C. Pullos
Clifford Law Offices, P.C.
120 N. LaSalle, Ste. 3100
Chicago IL 60602
jcp@cliffordlaw.com

                                    **RESPECTFULLY SUBMITTED,**
                                    **s/ Steven C. Rahn**
                                    Attorney for the City of Springfield, Illinois